# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LORRAINE E. CHAVEZ,**

      Plaintiff,

vs.                                             Civ. No. 06-457 WJ/ACT

**MICHAEL J. ASTRUE,** [1]
**Commissioner of Social Security,**

      Defendant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[2]

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed October 30, 2006. [Docket No. 9.] The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the Motion should be granted.

## I.  PROCEDURAL RECORD

1.      Plaintiff, Lorraine E. Chavez, filed an application for Supplemental Security Income Benefits ("SSI") on August 16, 2004. Tr. 53. She alleged that she was disabled since August 1,

---

[1] Effective February 1, 2007, pursuant to Fed.R.Civ.P. 25(d)(1), Michael Astrue, Commissioner of Social Security Administration, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need to be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act 42 U.S.C. § 405(g).

[2] An Order of Reference was filed on April 10, 2007. [Docket No.14.]

2004 due to pain in her back, neck and left leg. Tr. 10, 57, 77. Her application was denied at the initial and reconsideration level.

2.	The ALJ conducted a hearing on October 19, 2005. Tr. 245. At the hearing, Plaintiff was represented by an attorney. On January 25, 2006, the ALJ issued an unfavorable decision. Tr. 10-15. At steps two and three of the analysis, the ALJ determined that Plaintiff has "severe" degenerative disc disease of the lumbar and cervical spine that does not meet or equal a listed impairment. Tr. 28-29. At step four the ALJ determined that Plaintiff retains the residual functional capacity ("RFC") for "unskilled sedentary work with a sit/stand option," and cannot perform her past light and medium work as a bus aid, cook or dishwasher. Tr. 13. At step five, based on testimony of a vocational expert, the ALJ concluded that Plaintiff's RFC permitted the performance of other work, as an order clerk, assembly worker, and surveillance system monitor. Tr. 14-15.

3.	On April 5, 2006, the Appeal Council issued its decision declining review of the ALJ's decision. Tr. 3. Thus, the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.984(a) & (d). Plaintiff filed her Complaint for judicial review of the ALJ's decision on June 1, 2006.

4.	Plaintiff was born on March 15, 1958 and is a younger individual. Tr.10, 54. She has a high school education.

## II.  STANDARD OF REVIEW

5.	The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."

*Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

6. In order to qualify for social security income benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §423(d)(1)(A); *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (1993). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson*, 987 F.2d at 1487.

7. At the first four levels of the sequential evaluation process, the claimant must show: 1) he is not engaged in substantial gainful employment; 2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

### III. MEDICAL HISTORY

8. On October 30, 2003, Plaintiff was in a motor vehicle accident. Tr. 237. She was driving and was hit on the driver's side. She went to the emergency room for neck strain and left arm

contusion. X-rays of the cervical spine revealed moderate degenerative changes without acute fracture or dislocation. Tr. 210. On November 11, 2003, Plaintiff was examined by Anthony J. Duran ("Duran"), physician assistant, of Health Centers of Northern New Mexico ("Health Centers"). Tr. 178. Duran assessed left forearm strain and contusion to the left chest and referred Plaintiff to physical therapy.

9. Plaintiff was evaluated at Southwest Physical and Sports Therapy on November 18, 2003. The therapist's examination revealed decreased cervical mobility, muscle spasms and decreased overall strength and endurance. Tr. 154.

10. Plaintiff participated in physical therapy three times a week from November 19, 2003 to January 12, 2004. Generally, Plaintiff felt better after a physical therapy session. However, the relief did not last. Her neck was often sore. Tr. 141-42, 146-50. She also had pain in her shoulder, and her upper, mid and low back. Tr. 134-37, 141, 143-45. Her pain would increase with activities such as lifting a grandchild. Tr. 147.

11. On January 9, 2004, Plaintiff was struck from behind while stopped at a stop sign. Tr. 176, 225. On January 15, 2004, Plaintiff told Duran that she had "pain from her neck down to her low back." *Id*. Duran's examination revealed tenderness to palpation from the thoracic area to the lumbosacral area. Tr. 176. Range of motion of the back was decreased secondary to tenderness. Straight leg raising was negative. Duran prescribed additional physical therapy and Skelaxin and Ibuprofen for pain. Tr. 177. Five days later, Plaintiff went to the emergency rom for low back and anterior rib pain. X-rays of the cervical spine indicated mild reversal of cervical lordosis centered at C4-5, possibly related to spasm. Tr. 201. Plaintiff was assessed with contusions to her ribs and strain of her cervical, thoracic and lumbar spine. Tr. 227-28. She received an intramuscular injection of

Toredol for pain and was prescribed Darvocet. Tr. 229, 227.

12. Plaintiff participated in physical therapy for low back strain/sprain three times per week from January 21, 2004 to March 16, 2004. Tr. 113-32. At discharge, Plaintiff's back felt better and her trunk mobility was increased. Tr. 114.

13. On May 4, 2004, Plaintiff visited the emergency room with burning low back pain radiating into the left hip and thigh. Tr. 217, 219. An MRI performed on May 10, 2004 revealed incompletely imaged degenerative changes of the cervical spine centered at C4-5, mild congenital central canal stenosis of the lumbar spine at L3-4 and L4-5, and fatty replacement of the posterior paraspinal soft tissues. Tr. 173.

14. On May 17, 2004, Plaintiff returned to Duran stating her symptoms had returned after moving boxes. Tr. 111. Duran again prescribed physical therapy from May 19, 2004 to August 5, 2004. Tr. 94-111. During that time, Plaintiff's low back, neck and upper back pain waxed and waned. Mid back, left hip and left thigh pain were also present at times. Plaintiff reported increased hip and thigh pain after walking three time around a track. Tr. 101-104. At discharge, the therapist noted that Plaintiff had soreness in her posterior hips and increased leg pain after walking "a lot." Tr. 94. There had been no recent increase in trunk mobility. Tr. 95. The physical therapist opined that Plaintiff had "plateued" (sic) in terms of improvement. Tr. 95.

15. On September 2, 2004, Plaintiff received a lumbar epidural steroid injection from Paul Fullerton, D.O. Tr. 156-57. [3]

16. On September 23, 2004, a non-examining consultant physician, George E. Higgins,

---

[3]Plaintiff argues that the ALJ erred in not obtaining the medical record of Dr. Fullerton concerning Plaintiff's first lumbar epidural steroid injection. Plaintiff is mistaken as Dr. Fullerton's medical record is part of the record. Tr. 156-57.

M.D., completed a Physical RFC form in which he found that Plaintiff could perform a full range of light work. Tr. 159-166.

17.     On October 12, 2004, Plaintiff returned to Health Centers with severe neck, mid back and left leg pain. Tr. 168. She received a second lumbar steroid epidural from Dr. Fullerton on November 30, 2004. Tr. 190-91.

18.     On March 3, 2005, Duran wrote a letter summarizing Plaintiff's treatment since November 11, 2003. Tr. 202.

## IV. DISCUSSION

19.     Plaintiff asserts that the RFC finding is not supported by substantial evidence and is legally erroneous; the ALJ failed to properly develop the record; and the ALJ's credibility finding is not supported by substantial evidence.

*RFC finding*.

20.     The determination of an RFC is the extent to which Plaintiff's impairments and related symptoms affect her capacity to do work-related activities. Social Security Ruling ("SSR") 96-5p,1996 WL 374183; SSR 96-8p,1995 WL 374184. An evaluation of an RFC is a decision of what a Plaintiff can do despite her limitations. 20 C.F.R. §§ 404.1545(a); 416.945(a).

21.     In this matter, the ALJ found that Plaintiff had the RFC for a significant range of sedentary work. Tr. 13. Sedentary work requires the ability to lift and carry 10 pounds occasionally, stand or walk for 2 hours, and sit for 6 hours per 8-hour day on a sustained basis in a regular work setting. 20 C.F.R. § 416.967(a); SSR 83-10, 1983 WL 31251.

22.     The medical records in the record consist of those Duran, emergency room physicians, Dr. Fullerton's report and a non-examining medical consultant, Dr. Higgins. Duran is not an

"acceptable medical source" under the Commissioner's rules. 20 C.F.R. § 416.913. The emergency room notes do not indicate any opinion as to Plaintiff's functional limitations. Similarly, Dr. Fullerton's reports are brief and do not give any opinion as to Plaintiff's functional limitations. Thus, the only medical source statement for the ALJ's determination of Plaintiff's RFC is the report of Dr. Higgins who completed an RFC assessment form indicating an RFC for light work. He did not examine the Plaintiff or offer sufficient reasoning for this opinion. Reliance on this form is error. It has long been held that "[s]uch [checkmark-style] evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987); *Baker v. Barnhart*, 84 Fed. Appx. 10, **4 (10th Cir. 2003) (Because the agency medical consultant provided no thorough explanation, however, the RFC assessment does not constitute substantial evidence under *Frey*.) The ALJ's RFC finding is not supported by substantial evidence.

*Development of the record*.

23.    Thus, it also follows that the ALJ erred in not fully developing the record. The ALJ has a "basic duty of inquiry to fully and fairly develop the record as to the material issues." *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993) (citations omitted) "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000). "[The] duty to develop the record pertains even if the claimant is represented by counsel." *Thompson v. Sullivan*, 987 F.2d 1482, 1490, 1492 (10th Cir. 1993).

24.    The Act requires that the ALJ "make every reasonable effort to obtain from the individual's treating physician...all medical evidence, including diagnostic tests, necessary to properly

7

make [a disability] determination, prior to evaluating medical evidence obtained from any other source on a consultative basis." 24 U.S.C. § 1382c(A)(3)(H), incorporating 42 U.S.C. § 423(d)(5)(B) by reference.  Plaintiff argues that the ALJ erred in not recontacting Dr. Fullerton to obtain his medical records.  However, as previously mentioned, it appears all of his records are part of the administrative record and thus, the ALJ did not err in not recontacting Dr. Fullerton.  Having obtained all the existing medical evidence, the ALJ fulfills her responsibility to develop the record by ordering a consultative examination.  *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997).  This duty is triggered when the claimant has satisfied her burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists."  *Id*. at 1167.

25.   Clearly, the medical records demonstrate as the ALJ found that Plaintiff's "degenerative disc disease of the lumbar and cervical spine" is severe.  Tr. 11.  The record also demonstrates that there is no medical evidence upon which to assess an RFC.[4]  Finding no substantial evidence upon which to base an RFC finding, and as it appears in this matter there may be no additional records to supplement the record, the ALJ should have ordered a consultative examination. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(f) ("If the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense."), 20 C.F.R. § 404.1519a(a)(1).  Thus, the ALJ erred and this matter should be remanded.

---

[4]The ALJ noted this in the administrative hearing. In discussing Duran's letter of March 3, 2005, the ALJ said "[t]hat letter is basically not too useful, because it does not indicate any type of limitations that she would have.  Do you think this person would be willing to fill out a medical source statement?
   ATTY: We could certainly ask him to.
   ALJ: That's one of the problems I see in going through this file.  Are they any physical restrictions indicated?
Tr. 245-46.

*Credibility finding*.

26.     An individual's credibility about her statements of symptoms and limitations is "the degree to which the statements can be believed and accepted as true." SSR 96-7p, 1996 WL 374186. Factors the ALJ should consider in the credibility assessment include the claimant's daily activities; the location, duration, frequency and intensity of her pain and other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications; treatment other than medication the claimant has tried to relieve symptoms; measures other than treatment the claimant uses to relieve pain or other symptoms; and other factors concerning the claimant's functional limitations and restrictions, due to pain and other symptoms. *Id*.

27.     The ALJ found that Plaintiff's statements concerning her functional limitations were not entirely credible "in light of discrepancies between the claimant's assertions and information contained in documentary reports and the medial history."  In making this finding the ALJ appears to have relied solely on Plaintiff's activities of daily living. Id.  The ALJ did not discuss other factors such as the consistency of her complaints, her persistent efforts to find relief from her symptoms by going to physical therapy and the side effects of her medications. 20 C.F.R. § 416.929(c). On remand, these additional factors should be discussed.

## RECOMMENDED DISPOSITION

I recommend finding that Plaintiff's Motion to Reverse or Remand the Administrative Decision be granted.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, New Mexico 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**